# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| MICHAEL EDWARD KOWAL,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C09-0125-LRR<br>No. CR06-0133-LRR<br><br>ORDER |

This matter comes before the court on Michael Edward Kowal's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1) and motion for hearing (docket no. 6). Michael Edward Kowal ("the movant") filed the former motion on August 26, 2009[1] and the latter motion on May 18, 2010. For the following reasons, the movant's 28 U.S.C. § 2255 motion and motion for hearing shall be denied.[2] In addition, a certificate of appealability shall be denied.

## *I. RELEVANT BACKGROUND*

On October 19, 2006, the government filed an indictment against the movant. On December 18, 2006, the movant informed the court that he intended to enter a guilty plea

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

[2] No response from the government is required because the motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings.

to count 1, count 2, count 3, count 4 and count 6 of the indictment. With respect to count 5 and count 7, the movant intended to proceed to a bench trial. On December 22, 2006, the movant appeared before Magistrate Judge John A. Jarvey for a change of plea hearing. At such hearing, the movant pleaded guilty to count 1, count 2, count 3, count 4 and count 6 of the indictment.[3] On December 26, 2006, Judge Jarvey entered a report and recommendation that a United States District Court Judge accept the movant's plea of guilty. On January 10, 2007, the court entered an order adopting the report and recommendation pertaining to the movant's guilty plea. On May 15, 2007, the court, after considering the parties' stipulation of facts and trial briefs, found beyond a reasonable doubt the movant guilty of the conduct charged in count 5 and count 7.[4]

On May 21, 2007, the movant filed a motion for judgment of acquittal with respect to count 5 and count 7. On May 25, 2007, the government filed a resistance. On July 23, 2007, the court denied the movant's motion for judgment of acquittal.

After receiving the pre-sentence investigation report, the parties filed their sentencing memoranda. Before sentencing the movant, the court filed a sentencing memorandum, and both parties supplemented their sentencing memoranda. On October 5, 2007, the court conducted a sentencing hearing and sentenced the movant to a total term of 54 months imprisonment and 3 years supervised release. On the same date, judgment entered against the movant.

On October 10, 2007, the movant filed a notice of appeal. On direct appeal, the movant challenged his conviction on count 5 and count 7, that is, the aggravated identity theft counts, and his sentence on count 1, count 2, count 3, count 4 and count 6.

---

[3] The conduct charged in count 1, count 3, count 4 and count 6 of the indictment is in violation of 42 U.S.C. § 408(a)(7)(A). The conduct charged in count 2 of the indictment is in violation of 42 U.S.C. § 408(a)(6).

[4] The conduct charged in count 5 and count 7 is in violation of 18 U.S.C. § 1028A(a)(1).

Specifically, concerning the former challenge, the movant argued that 18 U.S.C. § 1028A(a)(1) applies to the theft of an identity of a living person and does not apply to the identity of a deceased individual. With respect to the latter argument, the movant argued that: (1) the court misapplied the amount of loss rule in USSG §2B1.1 because he did not obtain the credit cards with an intent to defraud; (2) the upward departure for avoidance of prosecution in Arizona resulted in greater punishment than if he had been convicted of those charges; (3) the court improperly increased his sentence because he lied to his wife; and (4) his sentence is unreasonable. On May 29, 2008, the Eighth Circuit Court of Appeals affirmed the movant's conviction and resulting sentence. *See United States v. Kowal*, 527 F.3d 741 (8th Cir. 2008).

The movant sought further review. On July 14, 2008, the Eighth Circuit Court of Appeals denied rehearing en banc and rehearing by the panel. On November 17, 2008, the Supreme Court denied the movant's petition for writ of certiorari.

In his 28 U.S.C. § 2255 motion, the movant raises two challenges. Specifically, the movant contends that: (1) he is entitled to relief based on the Supreme Court's decision in *Flores-Figueroa v. United States*, ___ U.S. ___, 129 S. Ct. 1886, 173 L. Ed. 2d 853 (2009); and (2) he received ineffective assistance at trial and on direct appeal because counsel did not assert that 18 U.S.C. § 1028A(a)(1) requires the government to show that he knew the means of identification belonged to another person. On September 30, 2009, the movant filed a brief in support of his 28 U.S.C. § 2255 motion.

The court now turns to consider the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, supporting documents and other relevant portions of the record.

## II. LEGAL STANDARDS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief

pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, movants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523

4

U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[5]

### B. Standards Applicable to Sixth Amendment

The Sixth Amendment to the United States Constitution provides in pertinent part that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court explained that a violation of that right has two components:

---

[5] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

> First, [a movant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [movant] by the Sixth Amendment. Second, [a movant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also Apfel*, 97 F.3d at 1076 ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for [a movant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id*. at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id*.

### III. ANALYSIS

#### A. *Request for Evidentiary Hearing*

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated

7

differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The movant asserts that an evidentiary hearing is necessary to resolve his claims. The court disagrees with such assertion and concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, the record indicates that no violation of either the movant's constitutional rights or federal law occurred and that the movant's ineffective assistance of counsel claim is without merit. As such, the court finds that there is no need for an evidentiary hearing.

### B. The Movant's Arguments

The movant essentially contends that, because the Supreme Court recently held that a defendant must know the stolen identity belongs to a real person in order to be convicted under 18 U.S.C. § 1028A(a)(1), his sentence should be vacated. *See United States v. Ochoa-Gonzalez*, 598 F.3d 1033, 1036 (8th Cir. 2010) (explaining the Supreme Court's decision in *Flores-Figueroa v. United States*, ___ U.S. ___, 129 S. Ct. 1886, 1894, 173 L. Ed. 2d 853 (2009)). The court assumes without deciding that *Flores-Figueroa* applies retroactively to final convictions. *Cf. United States v. Venancio-Dominguez*, 660 F. Supp. 2d 717, 720-21 (E.D. Va. 2009) (holding that *Flores-Figueroa* is retroactively applicable on collateral review). Despite such assumption, the court concludes that the Supreme Court's decision in *Flores-Figueroa* does not entitle the movant to relief because he failed

to demonstrate either cause for failing to raise on direct review the issue of whether a defendant must know the means of identification belonged to another person or actual innocence. *See Bousley*, 523 U.S. at 622.

In its May 15, 2007 order, the court relied on *United States v. Hines*, 472 F.3d 1038, 1039 (8th Cir. 2007), and found beyond a reasonable doubt that the movant "(1) knowingly used (2) the 'means of identification' of another person (3) without lawful authority (4) during and in relation to [any felony violation enumerated in 18 U.S.C. § 1028A(c)]." On October 5, 2007, the court entered judgment against the movant. On March 28, 2008, the Eighth Circuit Court of Appeals decided *United States v. Mendoza-Gonzalez*, 520 F.3d 912, 915-17 (8th Cir. 2008), which held that the knowledge requirement does not apply to the "of another person" language within 18 U.S.C. § 1028A(a)(1). On May 29, 2008, the Eighth Circuit Court of Appeals entered judgment against the movant. On November 17, 2008, the Supreme Court denied the movant's petition for writ of certiorari. On May 4, 2009, the Supreme Court decided *Flores-Figueroa*. In light of such history, the movant is unable to establish the requisite cause for failing to raise on direct review the issue of whether a defendant must know the means of identification belonged to another person. *See Bousley*, 523 U.S. at 621-23 (concluding "cause" not established where the legal basis for the claim was not reasonably available to counsel and where asserting claim would have been futile).

Likewise, the movant is unable to establish actual innocence. *See id.* (requiring a movant who asserts his actual innocence to demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). Rather than establish his actual innocence, the record establishes that the defendant knew the identification documents he unlawfully possessed actually belonged to other individuals. The record, which includes but is not limited to the parties' January 16, 2007 stipulation of facts and exhibits (docket no. 34), the factual findings that were included in the court's May 15, 2007 order (docket no. 41), the offense conduct statement that was included in

the August 23, 2007 amended and final pre-sentence investigation report (docket no. 48), the court's September 19, 2007 sentencing memorandum (docket no. 55) and the Eighth Circuit Court of Appeals' May 29, 2008 opinion (docket no. 77), clearly reveals that the movant knew Larry William Tipton and William Clorindo Bloom were real people. Indeed, the record, in relevant part, reveals the following:

> Before stealing Larry William Tipton's identity, the movant conducted some research and obtained a birth certificate for Larry William Tipton. Such birth certificate makes clear that Larry William Tipton was born in Wickenburg, Arizona and that his father was William Daniel Tipton and his mother was Dorothy Catherine LaMar Tipton. The movant stipulated that Larry William Tipton was a real person who was born in 1944, that is, the same year that the movant was born, and died in Kansas when he was five years old. Similarly, before stealing William Clorindo Bloom's identity, the movant conducted some research and obtained a birth certificate for William Clorindo Bloom. The movant stipulated that William Clorindo Bloom was a real person who was born in September of 1944, that is, the same month and year that the movant was born, and died of pneumonia when he was four months old.

Thus, the evidence of record establishes that the movant had the requisite knowledge to be convicted of aggravated identity theft based upon the Supreme Court's interpretation of 18 U.S.C. § 1028A(a)(1) in *Flores-Figueroa*. Because his *Flores-Figueroa* claim is procedurally defaulted, it is not appropriate to vacate the movant's conviction.

Regarding the remaining claim, the movant has neither overcome the strong presumption that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland*, 466 U.S. at 689, nor shown that any deficiencies in counsel's performance prejudiced his defense, *id*. at 692-94. Given the facts of the case, the court concludes that counsel's failure to raise a futile argument does not constitute ineffective assistance. *Cf. Toledo v. United States*, 581 F.3d 678, 679-81 (8th Cir. 2009) (making clear that counsel is not accountable for unknown future changes in the law); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (concluding that counsel's decision not

to raise issue unsupported by then-existing precedent did not constitute ineffective assistance). Further, it is clear from the record that the result of the proceeding would not have been different, that is, the movant suffered no prejudice. Thus, the court does not find that the movant is entitled to relief based on *Strickland*. Because the movant's claims are without merit, the 28 U.S.C. § 2255 motion shall be denied.

## IV. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v.*

11

*McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (docket no. 1) is DENIED.

2) The movant's motion for hearing (docket no. 6) is DENIED.

3) A certificate of appealability is DENIED.

**DATED** this 3rd day of June, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA